UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARQUIS JACKSON, et al.,<br><br>Defendant. | CASE NO. 2:24-cr-00164-JNW<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES |

This matter comes before the Court on the Joint Motion to Continue Trial and Pretrial Motions Deadline filed by defendants Mandel Jackson, Keondre Jackson, Adean Batinga,[1] Tianna Karastan, Robert Bellair, Ronald Finkbonner, Patrick James, Chad Conti, and Phillip Alexander ("Moving Defendants"). Dkt. No. 322. They ask to move the trial date from May 5, 2025, to February 2, 2026. Dkt. No. 322.

---

[1] Since filing the motion, Defendant Adean Batinga has pled guilty to the charge of Conspiracy to Distribute Controlled Substances contained in Count 1 of the Superseding Indictment. Dkt. No. 358.

ORDER GRANTING MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES - 1

Moving Defendants have submitted waivers of their speedy trial rights through at least February 28, 2026. Dkt. Nos. 323, 326, 327, 328, 331, 332, 337, 340, and 341. Defendant Edgar Valdez has joined in the motion. Dkt. No. 346. The United States does not oppose the requested continuance. Dkt. No. 322 at 1.

Defendants Michael Young, Tyrell Lewis, and Markell Jackson oppose the motion. Dkt. Nos. 333, 334, and 338. Defendant Diyana Abraha has also filed an objection. Dkt. No. 330. Defendants Marquis Jackson, Matelita Jackson, Miracle Patu-Jackson, Robert Johnson, and Sir Terrique Milam have either taken no position or not responded to the motion. Dkt. Nos. 335 and 336.

Moving Defendants argue that additional time is necessary given the complexity of this case, which involves charges of conspiracy to distribute controlled substances, distribution and possession with intent to distribute controlled substances, and conspiracy to commit money laundering against 20 defendants across 12 counts. Dkt. No. 128. They note that discovery is voluminous and ongoing, with Bates numbers exceeding 60,000 pages, not including defendant-specific discovery. Dkt. No. 322 at 5. The Court appointed a discovery coordinator in November 2024 to help process and organize the extensive discovery, including material from wiretap interceptions on five different devices. *Id.* at 3–4. And the Government has warned that another superseding indictment is coming. *Id.* at 5.

Based on this record, the Court finds that:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the defendants the reasonable time necessary for effective preparation due to counsel's need

for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as stated in 18 U.S.C. § 3161(h)(7)(B)(iv);

2. A failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as stated in 18 U.S.C. § 3161(h)(7)(B)(i);

3. The additional time requested is a reasonable period of delay, as the defendants have requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses;

4. The case is sufficiently complex due to the nature of the prosecution, the number of defendants, the volume of discovery, and the nature of the criminal charges that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, as stated in 18 U.S.C. § 3161(h)(7)(B)(ii);

5. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial, as stated in 18 U.S.C. § 3161(h)(7)(A);

6. The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

ORDER GRANTING MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES - 3

The Court overrules the objections of those defendants who oppose the continuance. It is well established that in multi-defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants. *United States v. Messer,* 197 F.3d 330, 336 (9th Cir. 1999); *see* 18 U.S.C. § 3161(h)(6).

As stated above, the Court finds that the requested continuance is reasonable under the circumstances. The Ninth Circuit has upheld similar continuances in complex cases, particularly where, as here, discovery is voluminous, the case involves multiple defendants, and additional time is needed to adequately prepare for trial. *See United States v. Henry*, 984 F.3d 1343, 1353–54 (9th Cir. 2021) (finding a delay of 315 days reasonable in a complex bank robbery and conspiracy case with multiple defendants).

Accordingly, the Court ORDERS the following:

1. The Joint Motion to Continue Trial and Pretrial Motions Deadline is GRANTED. Dkt. No. 322.
2. The current trial date of May 5, 2025, is STRICKEN and RESET to February 2, 2026.
3. Pretrial motions must be filed no later than December 15, 2025.
4. The period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i), (ii), and (iv).

Dated this 4th day of April, 2025.

                                                Jamal N. Whitehead
                                                United States District Judge